In re the Marriage of Paul E. TASKER, Petitioner, Appellant,

v.

Rebecca D. TASKER, Respondent.

No. CX–86–519.

Court of Appeals of Minnesota.

Oct. 28, 1986.

Daniel K. Swanson, Alderson, Ondov, Leonard & Sween, P.A., Austin, for appellant.

James E. Broberg, Christian, Slen, Savelkoul, Johnson, Broberg & Kohl, Albert Lea, for respondent.

Considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Paul Tasker appeals from two judgments entered in a bifurcated dissolution of marriage proceeding. He argues that the trial court erred in making several evidentiary rulings, that the court abused its discretion in granting permanent custody of the parties' son to respondent, that the court abused its discretion in determining property values and property division and that the court abused its discretion in awarding attorney's fees to respondent. We affirm in part, reverse in part and remand.

## FACTS

The parties were married on August 30, 1974, and have a son who was six years old at the time of the dissolution hearing. During the marriage, appellant attended a vocational school for two years to study electronics, incurring a student loan to pay for educational expenses. Following his schooling, appellant earned a modest amount of money through self-employment but has been unemployed for the majority of the time. He was unemployed at the time of the dissolution hearing. Respondent works three part-time jobs, all for relatively low wages and totaling over forty hours a week.

The court considered property issues in the first portion of the bifurcated proceeding. Appellant testified as to the value of hunting, fishing and archery equipment in his possession and the value of vehicles in the possession of both himself and respondent. Respondent offered no testimony on property values. In a judgment entered on October 31, 1985, the court valued the hunting, fishing and archery equipment at $1,245.00, although appellant's testimony had placed the value at $535.00. The court valued an automobile in appellant's possession $200.00 higher than appellant's valuations, and the court valued the automobile in respondent's possession $600.00 lower than appellant's estimate. The court also determined that the $4,400.00 student loan incurred for appellant's education while the parties were married was for the benefit of appellant and was his responsibility.

The court heard testimony on custody, child support and attorney's fees in the second portion of the proceedings. The parties had engaged in a lengthy custody dispute, with temporary physical custody granted to respondent on July 30, 1984. A custody investigation was ordered and an evaluation was completed. The court found that both parties are fit and proper parents, but that joint custody is not prac-

tical. Sole legal and physical custody was granted to respondent. The court also awarded respondent attorney's fees in the amount of $1,000.00.

There were no post-trial motions. Respondent argues that the property valuation and division issues raised by appellant are not appealable because notice of appeal was not filed until after entry of the second judgment in this bifurcated proceeding.

### ISSUES

1. Did the trial court err in making evidentiary rulings?

2. Did the trial court abuse its discretion in granting permanent custody of the parties' son to respondent?

3. Are the issues of property valuation and division appealable?

4. Did the trial court err in valuing and dividing property?

5. Did the trial court abuse its discretion in awarding attorney's fees to respondent?

### ANALYSIS

#### I.

■ Appellant has raised several issues regarding evidentiary rulings by the trial court. He contends that court services personnel who served as both mediators and investigators in the child custody evaluation were allowed to testify in violation of Minn.Stat. § 518.167 (1984). He also argues that court services files were improperly incorporated into testimony and that documents identified as his diary were admitted although they were prejudicial, repetitious and likely to confuse the court. However, these matters were not raised before the trial court through a motion for a new trial.

Matters involving trial procedure or evidentiary rulings are subject to appellate review only if there has been a motion for a new trial in which the matters have been assigned as error. *Sauter v. Wasemiller,* 389 N.W.2d 200, 201 (Minn.1986). Since appellant made no such motion, the assignments of error will not be considered by this court.

#### II.

The trial court found that, although both parties are fit and proper parents, joint custody was not practical. Based on its finding that respondent had functioned as the primary caretaker throughout the marriage and since the separation, the court granted sole legal and physical custody to her. The court added that respondent has shown herself to be more stable both in terms of employment and emotional well-being.

The child was not interviewed to ascertain his preference for custody. Appellant contends that an interview should have been conducted. Further, appellant argues that had he been granted temporary custody, he would have been the primary caretaker and would have been entitled to permanent custody. In addition, appellant charges that the court should not have considered his employment history in connection with its custody decision.

■ The general standard guiding application of statutory factors in custody determinations provides that:

> [W]hen both parents seek custody of a child too young to express a preference, and one parent has been the primary caretaker of the child, custody should be awarded to the primary caretaker absent a showing that that parent is unfit to be the custodian.

*Pikula v. Pikula,* 374 N.W.2d 705, 712 (Minn.1985). Whether to interview a child to determine a preference for custody is a matter committed to the trial court's discretion. *Kramer v. Kramer,* 372 N.W.2d 364, 366 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. Oct. 11, 1985). Here, the court reserved ruling on a request to interview the child until all of the evidence had been heard. The court then determined that it would not interview the six-year-old child. Such a decision is within the court's discretion. Having made a reasonable decision not to interview the young child, the trial

court properly considered the primary parent factor as addressed in *Pikula*.

■■■ The record indicates that respondent served as the primary caretaker of the minor child during the marriage. The circumstances at the time of the separation, not during the period when temporary custody has been granted, are used to determine who is the primary caretaker. *Pikula*, 374 N.W.2d at 714 n. 3. The trial court did not abuse its discretion in determining that person to be respondent. Even if appellant had been granted temporary custody, it would appear that he would not have been considered the primary caretaker under the *Pikula* rationale.

■■■ In considering respondent's fitness as a custodian, the trial court noted the employment and emotional histories of the parties, concluding that respondent was more stable. A court may not consider conduct of a proposed custodian that does not affect the relationship with the child, and a "stable" job is not indicative of emotional stability in the context of that relationship. *Kotila v. Kotila*, 351 N.W.2d 661, 663 (Minn.Ct.App.1984) (citing *Weatherly v. Weatherly*, 330 N.W.2d 890, 892 (Minn.1983)). However, the court here did not determine whether the parties held stable jobs. The court considered willingness to seek and retain employment, weighing respondent's retention of three jobs against appellant's history of unemployment. Consideration of such factors in the court's assessment of the fitness and capability of each proposed custodian was not improper.

The trial court has broad discretion in making a custody determination. *Ebnet v. Ebnet*, 347 N.W.2d 840, 842 (Minn.Ct.App. 1984). In applying the preference for the primary caretaker and granting custody to respondent, the court did not abuse its discretion.

### III.

■■■ Issues relating to property values and division were determined in the judgment entered on October 31, 1985. Notice of appeal was not filed until after the second judgment was entered in December,

1985. Because the notice of appeal from both judgments was filed on March 26, 1986, respondent argues that the earlier judgment's appeal period had passed. We do not agree. The first judgment did not resolve all issues, and the trial court did not expressly indicate that an appeal was appropriate at that time. Therefore, that judgment was not immediately appealable. *See In re Commodore Hotel Fire and Explosion Case*, 318 N.W.2d 244, 246 (Minn.1982). Review would be possible only after entry of the second judgment when all claims were resolved. Accordingly, the appeal of property valuations and division is timely.

### IV.

Appellant offered uncontradicted testimony on the value of hunting, fishing and archery equipment in his possession and on the value of automobiles in the possession of each of the parties. The trial court found the value of the equipment to be $710.00 higher than appellant's valuation. The trial court also found the value of a car in appellant's possession to be $200.00 higher than the testimony and the value of a car in respondent's possession $600.00 lower than appellant's estimate of value. The court's findings list the values, but do not indicate a basis for the determinations.

■■■ While trial courts are afforded broad discretion in the valuation of assets, exercise of that discretion should be supported by either clear documentary or testimonial evidence or by comprehensive findings issued by the court. *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn. 1983). The record here reveals neither documentary nor testimonial evidence. There are no comprehensive findings to assist us in determining the basis of the various trial court valuations.

■■■ We recognize that the trial court may have been reluctant to accept appellant's valuations, particularly because they were not accompanied by an itemization or supporting documentation. However, the record contains only appellant's testimony

as to valuation. Although that testimony was apparently rejected by the trial court, there is no other evidence in the record sufficient to support the court's findings. *See Parkside Mobile Estates v. Lee*, 270 N.W.2d 758, 763 (Minn.1978). We are mindful that the expenses involved in an appeal and a remand hearing very possibly exceed any property valuation adjustments that may result. However, the state of the record requires a remand. On remand, the trial court may either issue comprehensive findings to support the valuations or, if necessary, reopen the case to gather additional evidence to be used in making findings regarding property values.

 The trial court also determined that a $4,400.00 student loan for appellant's education, incurred and expended during the marriage, benefited appellant and is his responsibility. In dissolution actions, debts are apportionable, and the division of property must be considered in light of the particular facts of the case. *Yackel v. Yackel*, 366 N.W.2d 382, 384 (Minn.Ct. App.1985). The trial court has broad discretion in making a property division. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn. 1983). In view of the circumstances here, an allocation of the student loan debt to appellant was not an abuse of that discretion.

The parties' marriage continued after appellant completed his schooling, but he was essentially unemployed during this time. He remained unemployed for most of the time following the separation and was unemployed at the time of the dissolution judgment. Both appellant and respondent have realized very little, if any, monetary benefit from appellant's education. Any benefit that may have been realized thus far as a result of appellant's education has apparently been of a non-financial nature, benefiting only appellant. We find no abuse of discretion in the trial court's allocation of student loan responsibility solely to appellant.

 We also note that the trial court set child support in the sum of $75.00 per month while appellant remains unemployed. Under such circumstances, it is apparent that respondent, at least at present and in the immediate future, will provide a major portion of support for the minor child. To have burdened her further with responsibility for payment of part or all of the student loan may have caused severe economic hardship not only for respondent but for the parties' child also.

## V.

The trial court found that:

The Respondent is in need of assistance for the payment of attorney's fees incurred in this dissolution action and the [appellant] is capable of earning and securing sufficient monies to assist the Respondent in the payment of her attorney's fees.

Based on this finding, the court awarded respondent $1,000.00 in attorney's fees.

 Minn.Stat. § 518.14 (1984) requires that the court consider the financial resources of both parties before requiring one party to pay attorney's fees to the other. While the court considered respondent's resources in determining that she needs assistance, the findings do not indicate that the court considered appellant's financial resources. Rather, the award is based on a finding that appellant has the ability to generate financial resources to enable him to contribute toward respondent's attorney's fees at some point in the future. The finding focuses on appellant's earning potential rather than his financial resources. We believe that this issue, also, must be remanded. We direct the trial court to consider appellant's financial resources as required by section 518.14 and to reassess the attorney's fees award on that basis.

## DECISION

Evidentiary rulings will not be reviewed by this court because appellant failed to present the issues to the trial court through a motion for a new trial. The trial court did not abuse its discretion in granting permanent custody to respondent. The

matter of property valuation is remanded for more specific findings and additional testimony if deemed necessary. The award of attorney's fees is remanded for consideration of appellant's financial resources.

Affirmed in part, reversed in part and remanded.