Cynthia Grimm VAN BUSSUM, Appellant,

v.

Ritchie VAN BUSSUM, Appellee.

and

Robert Ritchie VAN BUSSUM, Cross-Appellant,

v.

Cynthia Grimm VAN BUSSUM, Cross-Appellee.

Court of Appeals of Kentucky.

Feb. 20, 1987.

As Modified on
Denial of Rehearing
May 1, 1987.

Henry C. Neel, Henderson, for appellant/cross-appellee.

Dorin Luck, Henderson, for appellee/cross-appellant.

Before HOWERTON, C.J., and HAYES and REYNOLDS, JJ.

HAYES, Chief Judge.

This appeal and cross-appeal stem from the dissolution of the parties' marriage. Each of the parties complains of the award of maintenance and of the allocation of marital debt. In addition, Mrs. Van Bussum complains that the award of attorney's fees to her is inadequate and Dr. Van Bussum asserts the trial judge erred in failing to assign him his G.E. stereo/radio as separate marital property.

The parties married in 1978, after Ritchie finished his first year of medical school. Cindy worked full-time for two of Ritchie's three remaining years in medical school. She did not work the last year of his schooling because of the birth of the parties' first child. After completion of three years residency in family practice, Ritchie

accepted a position with another doctor in his hometown of Henderson. He moved his wife and two children there in July, 1984. Shortly after their arrival, Ritchie informed Cindy he wanted a divorce. Cindy and the children moved to St. Lucie, Florida, where her parents reside, at the end of July, 1984.

The trial judge awarded Cindy $650 per month maintenance for five years or until she dies or remarries. In his findings, the trial judge places emphasis on Cindy's desire to obtain additional education and to use the maintenance award as means of assisting her financially in this endeavor. We find this intention to be entirely proper, but we are convinced that Cindy is also entitled to "enjoy" through the maintenance award some benefit from the medical decree her contributions allowed Ritchie to obtain. *Lovett v. Lovett*, Ky., 688 S.W.2d 329 (1985), holds that these contributions (as a breadwinner, homemaker and mother) are factors to be considered in the award of maintenance. It seems clear that the sum of $650 per month is grossly insufficient to accomplish this purpose as well as to satisfy the aim of allowing Cindy to return to school in an effort to become more self-sufficient. We are thus of the opinion that the amount awarded constitutes an abuse of discretion. On remand, the trial court is directed to increase the amount of maintenance to a sum which will reflect Cindy's share in "the standard of living established during the marriage by the attainment of the professional degree and license," *Lovett, supra* at 333, and which will allow her to advance her education.

We find no merit, however, to Cindy's argument that she is unfairly penalized by the "death or remarriage" limitation on the maintenance award. Such limitations fall within the ordinary purview of "maintenance" and are well within the discretion of the trial judge.

Next, the parties take exception to the trial court's allocation of the debts. The majority of the loans in question are directly tied to Ritchie's acquisition of his medical license. *Inman v. Inman*, Ky., 648 S.W.2d 847 (1982), plainly states that a professional degree cannot be considered marital property. Thus, we are persuaded that the debt attendant to the acquisition of a nonmarital asset must be borne by the party who will reap the benefit from it. We are further convinced that the testimony of Robert Van Bussum, Ritchie's father, indicates that his purpose in loaning money to Ritchie was to assist him in obtaining his medical degree. See *Bodie v. Bodie*, Ky. App., 590 S.W.2d 895 (1979).

Similarly, the debt Cindy incurred after separation we construe as being for her sole benefit and is thus assignable to her alone. *O'Neill v. O'Neill*, Ky.App., 600 S.W.2d 493 (1980).

Finally, we are precluded from addressing Cindy's issue concerning attorney's fees as the attorney has not been named as a party to this appeal. *Beaver v. Beaver*, Ky.App., 551 S.W.2d 23 (1977). We do find, however, that Dr. Van Bussum has sufficiently proven that the G.E. stereo/radio is his premarital property and it should be restored to him.

The judgment of the Henderson Circuit Court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

Further, pursuant to 2.(a) of the Order designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.