**Kelley Watson SCHMITZ, Appellant,**

v.

**Marcus P. SCHMITZ, Appellee.**

**Marcus P. SCHMITZ, Cross–Appellant,**

v.

**Kelley Watson SCHMITZ; and, McCoy, Baker and Newcomer, Cross–Appellees.**

**Marcus P. SCHMITZ, Appellant,**

v.

**Kelley Watson SCHMITZ, Appellee.**

**Nos. 88–CA–2752–MR, 89–CA–043–MR and 89–CA–112–MR.**

Court of Appeals of Kentucky.

Sept. 21, 1990.

Discretionary Review Denied by Supreme Court Feb. 6, 1991.

Fred E. Peters, McCoy, Baker & Newcomer, Lexington, for appellant/cross-appellees.

Catesby Woodford, Harry B. Miller, Jr., Miller, Griffin & Marks, P.S.C., Lexington, for appellee/cross-appellant.

Before REYNOLDS, STUMBO and WEST, JJ.

WEST, Judge.

These are consolidated appeals from findings, conclusions and two (2) judgments in a dissolution of marriage action. The primary issue on appeal concerns the treatment of a professional degree or what has been categorized as the "diploma dilemma." *Lovett v. Lovett*, Ky., 688 S.W.2d 329 (1985).

Kelley and Marcus Schmitz married in 1982 when she was just graduated from college and he was about to begin his second year of medical school. They were married for approximately six (6) years and had no children. During the early years of the marriage, Kelley worked and was the primary "breadwinner" of the marriage. At the time of the parties' separation, there was almost no disparity between their respective incomes as Marcus had graduated and begun an internship program. At the time of this appeal, it appears that both parties are still earning salaries in the approximate range of $20,000.00. Marcus will presumably become a neurosurgeon in

1991 with the potential for a greatly increased earning capacity.

It is this "potential for increased earnings" brought about by the professional degree that Kelley argues should be considered by the court. She asked the trial court to allow her a "reimbursement" or "return on her investment" to the extent of one-half (½) of her salary during the time that it was used to support Marcus. The trial court declined to make such an award.

Instead, the lower court's ultimate ruling resulted in an assignment of debts, division of property and determination on the issue of maintenance which left both parties dissatisfied. The court found that neither party was entitled to maintenance and made no findings in regard to reimbursement for the wife's contributions toward the medical degree. On the other hand, through its allocation of debts, division of property and award of fees and costs to the husband, the court in essence compensated Kelley to the extent of $20,000.00–$25,000.00 more than Marcus received.[1] After reviewing the entire record, we believe the court below reached as equitable a result as is possible in a case such as this.

The leading authority on the "diploma dilemma" is the aforementioned case of *Lovett v. Lovett*, Ky., 688 S.W.2d 329 (1985). Unfortunately, despite the Supreme Court's "effort to resolve the uncertainties" present in professional degree cases (*Id.* at 330), there still is confusion in this area. (*See, e.g., Lovett, supra,* at 333–334, Vance, Justice, concurring in result.)

In *Lovett*, the majority held that "a professional degree and a license to practice are relevant factors to be considered by the trial court" *in awarding maintenance. Id.* at 333. Accordingly, the entire Court in *Lovett* affirmed a maintenance award where the wife lacked sufficient property to provide for her reasonable needs, was unable to support herself through appropriate employment and the husband had completed his medical training and was earning $125,000.00 annually. *Id.* The majority

opinion recognized that professional degrees or licenses to practice in these type of cases are generally "assets" produced by the combined efforts of both parties, but concluded that the maintenance statute was broad enough to remedy any unjust situation which might result. *Id.* at 333.

■ Indeed, application of the maintenance statute has worked well in subsequent cases where the amount of maintenance awarded has reflected "the standard of living established during the marriage by the attainment of the professional degree and license." *Van Bussum v. Van Bussum*, Ky.App., 728 S.W.2d 538 (1987); *Clark v. Clark*, Ky.App., 782 S.W.2d 56 (1990). However, as was anticipated by the concurring justices in *Lovett, supra,* the maintenance statute is simply not broad enough to cover every unjust situation. *Lovett,* at 333, Stephenson, J., concurring.

As Justice Vance pointed out in his concurring opinion, the statute does not authorize maintenance for a spouse who *is* able to maintain herself. *Id.* at 334; *Casper v. Casper*, Ky., 510 S.W.2d 253 (1974). This is the very situation presented herein. Quoting from the concurrence:

> In particular, I am thinking of a case where a divorce is granted immediately after the professional degree is obtained. Then, there would have been absolutely no opportunity for the married couple to have established a standard of living which reflected the potential of the increased earning capacity. All that they would have established would be years of sacrifice, willingly undertaken, because of the prospect of future advantages which they would share.
>
> Divorce, shortly after obtaining the professional license, nullifies the prospect of the future mutual benefit from the shared sacrifices of the past. *Id.* at 334.

■ In the case at bar, there is evidence that Kelley did sacrifice and supply a great deal of the support because of the prospect of future advantages which they

---

1. Kelley's request for one-half (½) of her earnings from 1982 through 1985 equalled $21,586.50.

would share. However, there is also evidence that Marcus has not yet realized those "future advantages" or benefits from his advanced education. *Id.* We do not believe the law in Kentucky would support following a set formula for "reimbursement alimony" such as is called for by the appellant and has been adopted in other jurisdictions. *See, Mahoney v. Mahoney*, 182 N.J.Super. 598, 442 A.2d 1062 (1982); *Reiss v. Reiss*, 195 N.J.Super. 150, 478 A.2d 441 (1984). The solution, as is often the case in domestic relations law, must depend on the specific facts of each case. *Lovett, supra.*

▬ In the case at bar, the facts, as they existed at the time of the decree, simply do not support an award of maintenance to Kelley. KRS 403.200(1). The trial court was correct in so holding. On the other hand, in determining the award of marital property, the trial court is authorized to consider the "contribution of each spouse to the acquisition of marital property." KRS 403.190(1)(a).

▬ It is evident that *Lovett, supra*, simply cannot be applied to the facts of this case. Accordingly, "the problem is best solved by application of our existing statutory and case law." *Id.* at 333. Although the professional degree cannot be viewed as marital property under Kentucky law, it can be considered as an asset of the marriage in looking at the parties' respective contributions when the court is dividing marital property and allocating responsibility for marital debts. *Inman v. Inman*, Ky., 648 S.W.2d 847 (1982); *McGowan v. McGowan*, Ky.App., 663 S.W.2d 219 (1983). [*Accord, Green v. Comm'r. of Int. Revenue*, 855 F.2d 289 (6th Cir.1988) (applying Kentucky law).]

▬ We believe this is exactly what the trial court attempted to do and we find no abuse of the court's discretion in the division of the property or the allocation of the debts, including the balance of the student loans. Neither do we find error in the award of attorney's fees, the court's refusal to order the parties to file joint tax returns, or any of the remaining complaints raised on the cross-appeal. Those are all matters which rest within the discretion of the trial judge and are not easily set aside. *Poe v. Poe*, Ky.App., 711 S.W.2d 849 (1986).

The judgments are accordingly affirmed in all respects.

All concur.