In re the MARRIAGE OF Joni Ellen
SPEIRS, Appellee and Cross–
Appellant,

and

Roy Dean Speirs, Jr., Appellant
and Cross–Appellee,

No. 96CA1044.

Colorado Court of Appeals,
Div. III.

Oct. 16, 1997.

Rehearing Denied Nov. 13, 1997.

Certiorari Denied June 8, 1998.

Joni E. Speirs, Brighton, pro se.

Chambers, Dansky and Hansen, P.C., Leslie C. Hansen, Denver, for Appellant and Cross–Appellee.

Opinion by Judge HUME.

In this dissolution of marriage proceeding, Roy Dean Speirs (husband) appeals from that part of the permanent orders which allocated to him a portion of the debt associated with student loans obtained by Joni Ellen Speirs (wife). Wife cross-appeals, arguing that her entire student loan debt should have been divided between the parties and that the trial court erred in failing to specify that husband was to pay the interest accruing on that part of the debt allocated to him. We affirm.

I.

Husband first contends that the trial court erred in classifying any portion of wife's student loans as a marital debt. We disagree.

Allocation of the debts of the parties is in the nature of property division. *In re Marriage of Booker,* 811 P.2d 405 (Colo.

App.1990), *rev'd on other grounds,* 833 P.2d 734 (Colo.1992). Generally, marital liabilities include all debts which are acquired and incurred by a husband and wife during their marriage. *In re Marriage of Femmer,* 39 Colo.App. 277, 568 P.2d 81 (1977).

In dividing the marital estate, the court should ensure that marital liabilities are not assigned disproportionately to one spouse. *In re Marriage of Kiefer,* 738 P.2d 54 (Colo.App.1987). A spouse's educational degree acquired during the marriage is not considered marital property. *In re Marriage of Olar,* 747 P.2d 676 (Colo.1987).

Husband argues that because the law degree obtained by wife is not marital property subject to division, any debt incurred in obtaining such degree remains her separate debt to be paid without any contribution from him. As support for his contention, husband relies upon *In re Marriage of Olar, supra,* which acknowledged the specific finding of the trial court in that case that the student loans obtained by one of the spouses during the marriage were not marital obligations. However, that determination was not under review or directly related to the issues therein addressed.

Husband also cites cases from the state of Kentucky which have characterized student loans as debts attendant to the acquisition of a non-marital asset which must be borne as the separate liability of the spouse acquiring the education or degree. *See Glidewell v. Glidewell,* 859 S.W.2d 675 (Ky.Ct.App.1993); *Van Bussum v. Van Bussum,* 728 S.W.2d 538 (Ky.Ct.App.1987).

However, several other jurisdictions have determined that student loans obtained during a marriage represent marital liabilities to be allocated between the parties as part of the property distribution. *See In re Marriage of Roberts v. Roberts,* 670 N.E.2d 72 (Ind.Ct.App.1996)(student loans incurred by one spouse during marriage were a part of marital estate, even though spouse's degree was not marital asset); *In re Marriage of Tasker v. Tasker,* 395 N.W.2d 100 (Minn.Ct.App.1986)(student loan benefitting husband was distributed to him as part of the division of property); *In re Marriage of Lo-*

*pez,* 255 Mont. 238, 841 P.2d 1122 (1992)(court did not abuse its discretion by including wife's student loan debt as marital debt to be considered in valuation and distribution of marital estate); *Bourdon v. Bourdon,* 119 N.H. 518, 403 A.2d 433 (1979)(court's order that husband assume responsibility for one-third of wife's student loans deemed reasonable); *Forristall v. Forristall,* 831 P.2d 1017 (Okla.Ct.App.1992)(husband's student loans were not his "separate debts," but rather, were properly included in the marital estate). We are persuaded by the treatment given to school loans in these cases.

Often a spouse's pursuit of higher education during marriage represents a common goal of both parties to increase their economic standing. Both marital partners may expect to share in the rewards of such education, and it is not unusual for one spouse to assist the other in the accomplishment of that goal by providing a level of financial support as well as assuming responsibility for the tasks of everyday life. It is also a common reality that student loans are obtained not only to finance tuition costs, but also to provide for the general support of the family while the spouse attends school. *See Forristall v. Forristall, supra; In re Marriage of Olar, supra* (discussing same factors in context of a maintenance determination). Thus, although the degree acquired does not constitute an element of tangible property that can be divided, classifying student loans obtained during marriage as marital debt recognizes both the nature of the parties' expectations and their respective roles in the attainment of the educational goal.

Moreover, as the cited cases demonstrate, treating student loans contracted during marriage as marital debts in no way forecloses the trial court's ability to award such debts to the spouse actually incurring them. Rather, removing such debts from the class of separate liabilities enhances the trial court's ability to enter the most equitable distribution of the marital estate based upon all of the circumstances affecting the parties' situation at the time of dissolution.

We, therefore, hold that the unpaid student loans obtained by wife during the marriage are marital debts and that the trial court did not err in allocating them as part of the property distribution.

## II.

Husband next contends that the trial court erred by not considering his contribution toward wife's law degree in allocating the student loan debt. He also argues that the record does not support the trial court's finding that the portion of the debt divided between the parties was used for living expenses. We disagree with both contentions.

■ A spouse's contribution to the professional education and career of the other spouse must be considered in the distribution of property pursuant to the statutory factors enumerated under § 14–10–113(1), C.R.S. 1997. *In re Marriage of Piper,* 820 P.2d 1198 (Colo.App.1991).

■ Husband asserts that, because of the trial court's failure to make specific findings regarding his contributions to wife's education, he has received nothing in the property division to compensate for the economic detriment he has suffered by the dissolution of the marriage soon after wife acquired her degree. He further argues that this detriment is aggravated by the fact that wife reaped the benefits of the law degree he had obtained more than fifteen years before the dissolution.

The trial court's order contains specific findings regarding each party's work history and the efforts each had made to provide support for the family during the early years of the marriage while husband pursued his law degree. The trial court also acknowledged both parties' testimony that husband encouraged wife to attend law school despite some reluctance on her part and noted that husband provided both financial and practical support for that endeavor while remaining in his position with the city in order to ensure a stable income and more time flexibility.

These findings, which are supported by the evidence, reflect the trial court's consideration of the sacrifices made throughout the marriage by both parties as well as their joint expectations concerning wife's pursuit

of an advanced degree. Here, had wife not obtained a law degree, the disparity in the parties' earning power would likely have resulted in her being awarded a larger share of marital property, or an additional award of maintenance, or both.

The trial court's distribution recognizes husband's lost benefit as well as wife's contributions made during the marriage and the parties' joint decision for wife to enter law school. Therefore, we reject husband's assertion that he was unfairly denied some form of reimbursement for his contributions to wife's education.

■ We also reject husband's contention that the evidence did not support the trial court's conclusion that the $54,000 of debt allocated between the parties in proportion to their earnings represented money spent on living expenses for the family. Aside from the $15,000 that went to day care, neither party documented how the funds were spent. The evidence did not show that the money was improperly dissipated by either party or was used to pay for anything other than living expenses. Consequently, we view the trial court's conclusion that the money was spent for family support as a logical inference based on the evidence presented. *See In re Marriage of Baier*, 39 Colo.App. 34, 561 P.2d 20 (1977)(findings are binding on appeal when they are supported by the evidence and the inferences to be drawn therefrom).

### III.

■ In her cross-appeal, wife argues that the trial court erred in allocating $37,000 of the student loan debt to her as her sole liability. We disagree.

The record reflects that the $37,000 was used to pay wife's tuition costs. In its findings, the trial court stated that wife should bear the responsibility for this amount because her degree was earned later in the marriage and she will benefit from it in the years to come. The court noted that its assignment of the tuition debt to wife constituted an equitable distribution irrespective of whether it was considered a separate liability or a marital debt.

Consequently, we are satisfied that the trial court acted within its discretion in holding that the $37,000 spent on tuition should be allocated as wife's sole responsibility. *See In re Marriage of Sewell*, 817 P.2d 594 (Colo.App.1991)(trial court is vested with broad discretion to fashion an equitable division of marital property).

### IV.

■ Wife argues that the trial court erred in failing to clarify whether husband was responsible for the interest accruing on his share of the student loan debt. However, because no evidence was admitted as to the rates or amounts of interest accrued on the various loans, we decline to review this contention. *See In re Marriage of Foottit*, 903 P.2d 1209 (Colo.App.1995)(since no evidence of the consequences of debt allocation presented at trial, appellate review was precluded as to issues premised thereon). We note that wife has not appealed the trial court's rulings that excluded documents which contained evidence concerning the rates of interest.

Finally, our determination that the student loans were equitably allocated between the parties renders any discussion of the trial court's alternative order unnecessary.

The judgment is affirmed.

JONES and BRIGGS, JJ., concur.