Plaintiff-appellant, Monica L. Webb ("Monica"), appeals the judgment entry and decree of divorce of the Butler County Court of Common Pleas, Domestic Relations Division, in her divorce from defendant-appellee, Larry S. Webb ("Larry"). The trial court determined that Monica is solely responsible for repaying her student loans and that she must also pay one half of the back taxes and penalties incurred during the marriage. We affirm.
Larry and Monica Webb were married on August 11, 1984, and they had one child, Hannah, who was born on April 21, 1988. Both were students at Miami University in Oxford, Ohio. Larry graduated in 1985, earning a bachelor's degree in architecture. Monica graduated in 1987. Larry's expenses were paid by his parents, while Monica's expenses were paid through the marriage.
After Larry graduated, he began a five-year internship with an architectural firm; he worked full-time, earning about $35,000 per year. Larry also operated an architectural side business which earned an additional $20,000 per year. Due to problems arising from his doing design work on the side without a license, Larry was required to repeat the five-year internship in 1990. He received his license as an architect 1995, and now works for an architectural firm earning $49,500 per year. His new position required that he abandon his side business.
After Monica graduated, she obtained a real estate license, and, later, a paralegal degree, both of which were paid for through the marriage. Using these degrees and licenses, she earned from $5,000 to $12,000 per year. In 1992, she enrolled in law school in Kentucky and received her degree in 1996. She paid for her law degree with loans totaling $60,000. These loans were exclusively in Monica's name. Since graduating, Monica has engaged in a private law practice, and is expected to gross about $50,000 per year.
During the marriage, the Webbs incurred a substantial debt owed to the Internal Revenue Service ("IRS"). This tax debt resulted from the Webbs' failure to pay quarterly taxes on Larry's side business. At the time of the divorce, the tax debt was about $27,500, of which over $10,000 was penalties and interest. Most of this debt was incurred from 1992 through 1995, when Monica was handling the family finances. Beginning in 1991, Monica began filing separate tax returns, which meant that the family's overall tax obligations were increased by $8,155 for the years 1992 through 1995. In 1993, Monica opened a separate bank account for her personal use.
In February 1996, the couple separated. Within a few months, Monica obtained her law degree, and on July 17, 1996, she filed a complaint for divorce. The case was heard before the Butler County Court of Common Pleas, Domestic Relations Division, on April 16, 1997. The trial court issued a decision on May 6, 1997, and its final judgment entry and decree of divorce was filed on August 6, 1997. Monica timely appealed, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT DID NOT REQUIRE APPELLEE TO PAY ANY PORTION OF APPELLANT'S LAW SCHOOL LOANS AS PART OF THE MARITAL DEBT.
In her first assignment of error, Monica argues that the student loans are a marital debt, and, as a result, some portion of the loan debt should have been awarded to Larry. In addition, she argues that equity would demand that Larry pay some of this debt because she delayed her higher education while he obtained his professional degree with her support. Larry responds that the loans are not a marital debt, and, even if they are considered a marital liability, he should not be burdened with any responsibility for repaying Monica's student loans.
When dividing the marital estate, a trial court possesses broad discretion to effect an equitable and fair division. Cherry v. Cherry (1981), 66 Ohio St.2d 348. Although its discretion is not unlimited, the trial court has authority to do what is necessary to reach an equitable result. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. A reviewing court should measure the trial court's adherence to this principle, but it should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the trial court abused its discretion. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,94. "Abuse of discretion" connotes more than just an error of law or judgment; it implies that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3105.17.1(C)(1) provides that an equal division of the marital property is the starting point for the distribution of the marital estate. Even so, the final division must only be equitable, not equal. Krisher v. Krisher (1992), 82 Ohio App.3d 159,163. When making a division of the marital property, the trial court shall consider, among other things, the assets and liabilities of the parties. R.C. 3105.17.1(F)(2). R.C. 3105.17.1(C)(3) mandates that the trial court make an equitable division of the marital property before considering any award of spousal support. Whether the division of assets and liabilities is equitable depends upon more than whether the parties receive equal shares of the marital estate. The court may also look to other factors, such as the ages of the parties, the length of the marriage, the relative education of the parties, and whether one spouse contributed to and supported the other in pursuit of a higher education. Verplatse v. Verplatse (1984), 17 Ohio App.3d 99,102.
An educational degree, such as a law degree, is not marital property subject to division. Stevens v. Stevens (1986), 23 Ohio St.3d 115, syllabus. Such a degree is personal to the spouse earning it and cannot easily be assigned a value. The degree and the future earning capacity arising from the degree, however, may be considered only when determining the amount and length of spousal support to be granted in a given case. Id. Ohio courts have yet to address whether student loans incurred by one spouse during the course of a marriage in pursuit of such degree are to be considered marital debt subject to equitable division pursuant to R.C. 3105.17.1.
Courts in seven states have addressed the issue, and all but one have determined that student loans incurred by one spouse during the marriage are a marital debt. The lone dissenting state is Kentucky. In Van Bussum v. Van Bussum (1987), 728 S.W.2d 538, the Court of Appeals of Kentucky held that loans incurred in pursuit of an educational debt are borne entirely by the spouse taking out the loans. The court reasoned that the party taking out the loans would reap the benefits of the loans by obtaining the degree. The court believed that the loans should be separate property because the degree is separate property. Id. at 539.
The remaining six state courts that have determined the status of educational loans incurred during a marriage have held that the loans are marital liabilities subject to equitable division. In re Marriage of Speirs (Colo.App. 1998), 956 P.2d 622; In re Marriage of Roberts v. Roberts (Ind.App. 1996), 670 N.E.2d 72; In re Marriage of Lopez (1992), 255 Mont. 238, 841 P.2d 1122; Forristall v. Forristall (Okla.App. 1992), 831 P.2d 1017; In re Marriage of Tasker v. Tasker (Minn.App. 1986), 395 N.W.2d 100; Bourdon v. Bourdon (1979), 119 N.H. 518, 403 A.2d 433.
Speirs, 956 P.2d 622, is both on point and the most comprehensive of the above decisions. In Speirs, the parties were divorced after the wife had obtained her law degree, and the trial court awarded the loan debt to the wife. The trial court found that the wife's student loans were a marital debt to be considered when making an equitable division of the marital estate. Both parties appealed. The husband argued that the wife was given greater resources to pay the debt, which resulted in his share of the marital estate being smaller. The wife argued that the husband should be partly responsible for the loans.
Speirs provides an in-depth discussion of why student loans should be considered marital debt. When a spouse pursues a higher education during the marriage, it represents a common goal of the parties to increase their economic standing. The marital partners expect to share in the rewards of such an education. For this reason, it is not uncommon that one spouse will assist the other in that goal through financial or emotional support or both. The supporting spouse may also assume more of the household duties so that the other may spend more time on studies. Student loans are often taken out not only to pay for school, but also to provide additional financial resources while the one spouse is pursuing an education. Id. at 623-24. For this reason, contributions made by one spouse to the other's education may be considered when dividing the marital estate or determining spousal support, just as the efforts of one spouse which result in an appreciation of the value of the other's property are relevant in dividing the marital estate. R.C. 3105.17.1(A)(3)(a)(iii). See Baker v. Baker (1992), 83 Ohio App.3d 700.
Classifying the student loans obtained during the marriage as marital liabilities recognizes the nature of the parties' expectations during the time the higher education is pursued as well as the respective roles of the parties in seeking the degree and supporting one another. Furthermore, treating loans acquired during the marriage as marital debt does not limit the trial court's ability to award the debts solely to the spouse actually incurring them. By removing the loans from the class of separate liabilities, the trial court is given the greatest power to enter an equitable distribution of the marital estate. Including student loans in the class of marital property allows the court to consider all of the circumstances surrounding the parties' positions when the loans were first taken out and at the time of divorce. Speirs, 956 P.2d at 624-625. Such an approach is in accord with the broad powers given to the courts when making an equitable division of the marital estate under R.C. 3105.17.1.
Cases from other jurisdictions support this position. In Forristall, 831 P.2d 1017, the Oklahoma Court of Appeals found that student loans should be considered part of the marital estate. In that case, the loans were taken out in pursuit of the husband's medical degree, which was considered a joint goal of the parties. The court was concerned that finding the loans to be separate property would imply that the wife did not contribute to and support the husband's education. 831 P.2d at 1018. In Tasker, 395 N.W.2d 100, the Minnesota Court of Appeals also found that student loans were properly included in the marital estate, even though the husband, who used the loans for his education, was awarded all of the loan debt. At the time of the divorce, only the husband had received any benefit from the degree, and it appeared that only he would receive any future benefits from the degree after the divorce. Id. at 104.
We agree with the rationales of the above cited cases, and therefore hold that student loans incurred by one spouse during the marriage should be considered marital debt to be equitably divided pursuant to R.C. 3105.17.1 rather than separate property. Such an approach provides the trial court a full range of options in apportioning the debt between the parties. Including student loans in the marital estate in no way forecloses the ability of the trial court to award all of the loans to the spouse who took out the loans. See Speirs and Tasker, supra. If this court were to decide that student loans incurred during a marriage are the separate debt of the spouse taking out the loans, the trial court would be prevented from dividing the debt in a case in which it would be inequitable to not do so.
In light of the foregoing discussion, we find that the trial court did not err in awarding Monica the full burden of her student loans. The benefits of the degree are solely Monica's because the income generated by the degree has been and will continue to be realized only after the divorce. Additionally, Monica did not work while attending law school, so the family was deprived of the income she had previously generated, up to $12,000 a year. Furthermore, Monica did not provide evidence that any loan monies remaining after she paid her school expenses were used to support the family. The trial court's findings that all burdens were carried by the family during the marriage and that all benefits of the degree will accrue in the future, and thus after the marriage, support the trial court's decision that equity requires Monica to bear the full responsibility for repaying her student loans.
In light of the trial court's determination that it would be inequitable for Larry to pay Monica's loans, in whole or in part, because he will not receive any benefit for his contribution, we find that the trial court did not abuse its discretion in determining that Monica should be solely responsible for repaying her student loans. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT ORDERED HER TO EQUALLY SHARE IN THE TAXES OWED TO THE INTERNAL REVENUE SERVICE.
In her second assignment of error, Monica argues that she should not be responsible for any of the debt owed to the IRS because the tax liabilities were due to Larry's failure to organize his finances.
When the trial court divides the marital estate, its decision as to what assets and liabilities will be awarded to each spouse is reviewed for an abuse of discretion. Kaechele,35 Ohio St.3d at 94. In the case at bar, the trial court provided sufficient reasons for its decision to award one half of the total tax liability to Monica. At the time that the taxes became delinquent and penalties were imposed, Monica maintained the family's finances. It was she who decided what bills to pay and which were to be left for future payment. Furthermore, during the marriage, Monica was able to reap the benefit of having Larry's income at her disposal.
It is also clear that the trial court took into consideration Monica's conduct in keeping a separate bank account and tax returns, which warranted her being required to pay a portion of the delinquent taxes and penalties. Monica's decision to maintain a separate account during the marriage prevented the family from utilizing her income to pay its debts. The trial court found that Monica also increased the household tax burden by over $8,000 when she filed separate income tax returns. Monica also claimed the mortgage payments on the marital home on her returns. In so doing, she prevented the family from receiving the tax benefits that the family would have realized by taking the deduction against Larry's more substantial income.
In light of the evidence before the trial court and the reasons given for its decision, we find that the trial court did not abuse its discretion in awarding one half of the total marital tax liability to Monica. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.