22CA2098 Marriage of Kupersmit 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA2098 Jefferson County District Court No. 21DR1293 Honorable Philip J. McNulty, Judge In re the Marriage of Daniela Beatrice Uslan, Appellee, and Daniel Kupersmit, Appellant. JUDGMENT AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE DUNN Yun and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Daniela Beatrice Uslan, Pro Se Daniel Kupersmit, Pro Se 
 1 ¶ 1 In this dissolution of marriage proceeding involving Daniel Kupersmit (husband) and Daniela Beatrice Uslan (wife), husband appeals those portions of the permanent orders concerning property division and maintenance. We affirm in part, reverse in part, and remand the case with directions. I. Background ¶ 2 The district court dissolved the parties’ ten-year marriage and allocated marital assets and debts between the parties. It adopted the parties’ stipulation that the marital home be sold and ordered $299,220 to be paid to wife’s parents from the proceeds. This amount accounted for various loans the parties took from wife’s parents for a down payment on the marital home, living and educational expenses while husband was in medical school, and for wife’s living expenses after dissolution was filed. The court ordered that the remaining proceeds be split equally between the parties. ¶ 3 Additionally, the district court ordered each party to retain their own vehicles, bank accounts, and retirement accounts and to pay their own credit card debts and attorney fees. The court found that husband’s substantial student loans were partly premarital debt and partly marital debt but ordered responsibility for them to 
 2 him alone. Lastly, the court ordered that husband pay wife $4,571.25 per month in maintenance for sixty-three months and $777.27 per month in child support. II. Property Division ¶ 4 Husband challenges the district court’s finding that the $200,000 from wife’s parents for a down payment on the marital home was a loan, rather than a gift. He also challenges the court’s order requiring that he be solely responsible for his student loan debt. We are not persuaded. A. Standard of Review ¶ 5 A district court has great latitude to make an equitable property division based on the facts and circumstances of each case, and we will not disturb its decision absent an abuse of discretion. In re Marriage of Collins, 2023 COA 116M, ¶ 19; see § 14-10-113(1), C.R.S. 2023. “The property division must be equitable, but not necessarily equal.” In re Marriage of Wright, 2020 COA 11, ¶ 3; see In re Marriage of Gallo, 752 P.2d 47, 55 (Colo. 1988) (“The key to an equitable distribution is fairness, not mathematical precision.”). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it 
 3 misconstrues or misapplies the law. In re Marriage of Fabos, 2022 COA 66, ¶ 16. The allocation of marital debt is in the nature of property division and is reviewed under the same abuse of discretion standard. See In re Marriage of Nevarez, 170 P.3d 808, 814 (Colo. App. 2007). B. Loans from Wife’s Parents ¶ 6 When allocating the marital estate, the district court must determine whether a particular debt exists and, if so, whether that debt is marital. See In re Marriage of Balanson, 25 P.3d 28, 35 (Colo. 2001); In re Marriage of Jorgenson, 143 P.3d 1169, 1171-72 (Colo. App. 2006). ¶ 7 A court’s determination of marital debt, including the classification of money as a debt or a gift, depends on the resolution of factual disputes. See In re Marriage of Corak, 2014 COA 147, ¶ 9; see also In re Marriage of Hoffman, 650 P.2d 1344, 1345-46 (Colo. App. 1982). “In order to qualify as a ‘gift,’ a transfer of property must involve a simultaneous intention to make a gift, delivery of the gift, and acceptance of the gift.” Balanson, 25 P.3d at 37. Because the court determines the credibility, weight, probative force, and sufficiency of the evidence, as well as the 
 4 inferences and conclusions to be drawn from the evidence, we defer to its factual findings when they are supported by the record. See In re Marriage of Lewis, 66 P.3d 204, 207 (Colo. App. 2003). ¶ 8 The district court found that it was “crystal clear, beyond clear and convincing evidence” that the $200,000 provided by wife’s parents as a down payment for the marital home was a loan, not a gift. It noted that wife’s and wife’s father’s testimony was “substantially, overwhelmingly” more credible than husband’s testimony on this point. It found that the parties would never have been able to buy the marital home without wife’s parents help and the fact that wife’s parents refinanced their own home to provide the money supported the notion that it was not a gift. ¶ 9 On appeal, husband argues that he never had a conversation with anyone about the $200,000 being a loan or paying back the $200,000. He also highlights a “gift letter” that wife’s parents signed when the parties were in the process of qualifying for their mortgage. ¶ 10 But the court credited both wife’s and her father’s testimony that they talked about having to pay the $200,000 back. Wife also testified that she told husband it was not a gift and “he seemed 
 5 kind of annoyed by it, but he just said okay.” She testified that their mortgage advisor told them that the $200,000 “needed to be a gift” in order to qualify for a mortgage so her parents signed a “gift letter” but made it clear that the money was a loan and that it would be paid back. And the court specifically found that the $200,000 “was a loan, irrespective of the Gift Affidavit.” ¶ 11 With respect to the other loans, both wife and her father testified that the parties borrowed more than $88,000 while husband was in medical school to pay for living expenses and to help husband travel to Germany as part of his residency. The parties had made payments on this loan and owed about $62,000. The court ordered that the balance of this loan be split between the parties and paid from the proceeds of the sale of the marital home. ¶ 12 Husband argues that wife’s and wife’s father’s testimony was “false” and “slanderous,” that wife’s parents earned well over $300,000 on a house they bought in Denver for the parties to live in while he was in medical school, and that wife’s parents held husband solely responsible for the $88,000 borrowed. Even if these allegations are true, supported by the record, and reviewable by this court, we do not perceive how they establish that the district court 
 6 abused its discretion by requiring the $62,000 loan be split between the parties and paid from the proceeds of the sale of the marital home. ¶ 13 Additionally, after the parties filed for dissolution, wife borrowed around $36,000 from her father to pay her rent and for summer childcare. Husband argues the district court erred by requiring this loan also be paid from the proceeds of the marital home because it was not a debt he agreed to or incurred. But the court found, with record support, that husband paid “very little child support and maintenance” since dissolution was filed and, therefore, the loan should be shared equally and be paid from the proceeds of the marital home. See In re Marriage of Burford, 26 P.3d 550, 560 (Colo. App. 2001) (debts incurred while the parties are separated are marital). ¶ 14 Husband argues that he paid wife $10,000 shortly after dissolution was filed, and the record shows he gave her another $3,500 a few months later. It is unclear from the record whether the parties intended this money to be temporary maintenance or child support. At any rate, husband’s income amounted to more than $20,000 a month and, thus, the district court did not abuse 
 7 its discretion when it found that the $13,500 husband gave wife over the course of almost a year while dissolution was pending amounted to “very little” to “no” temporary maintenance and child support. ¶ 15 In sum, husband essentially asks us to reweigh the evidence to find in his favor and substitute our own judgment for that of the district court, which we can’t do. See In re Marriage of Nelson, 2012 COA 205, ¶ 35 (When reviewing for an abuse of discretion, even where “there is evidence in the record that could have supported a different conclusion, we will not substitute our judgment for that of the district court.”); see also In re Marriage of Thorburn, 2022 COA 80, ¶ 49 (it is for the district court, not the reviewing court, to determine the witnesses’ credibility and the weight of the evidence). C. Student Loan Debts ¶ 16 Husband next argues that the district court abused its discretion when it allocated more than $400,000 of student loans to him even though he testified that about $86,000 was used by both parties as living expenses. But the court rejected husband’s arguments about living expenses. It credited wife’s testimony that she worked at various jobs while husband was in medical school 
 8 and used that money for living expenses. Beyond that, the record does not contain documentation showing that any portion of student loans were used for the parties’ living expenses. ¶ 17 Husband contends that the district court’s finding that wife provided support to husband while he was in medical school to her detriment is “wholly and clearly unreasonable” and asserts that her various business ventures during this time actually cost the parties money. But wife testified that while husband was in medical school she worked as a teacher, a private tutor, at an after-school program, and as a website designer. She testified that she had an online business that she had to “start over” when the parties moved to Florida for husband’s residency and that she used her earnings for “household expenses” during that time. The court found that wife and her parents did “everything they could to put [husband] in a position where he’s now able to earn substantial amounts of money” but are not receiving benefits from his education and higher earnings. Accordingly, it found it equitable for husband to retain all of his student loan debt. Because the record supports the court’s findings, we can’t conclude that the court abused its discretion. See In re Marriage of Speirs, 956 P.2d 622, 625 (Colo. App. 1997) (a 
 9 court does not abuse its discretion in finding that all of a student loan should be the responsibility of the party incurring it because the party’s degree will primarily benefit that party). III. Husband’s Other Contentions ¶ 18 Husband also generally contends that the district court abused its discretion when it (1) figured his income at the “maximum possible without accounting for student loans or taxes” and knowing that his bonuses were “inconsistent”; (2) divided the child’s medical and education expenses in a manner that was not requested by either party and complicates their child’s care; and (3) awarded wife maintenance. ¶ 19 First, with respect to the income determination, the court used husband’s 2021 W-2, as confirmed by his current paystub, to find that he made approximately $20,000 per month. Although that figure included a bonus, husband does not explain how the court abused its discretion by using this number. See § 14-10-
114(8)(c)(I)(E), C.R.S. 2023 (for purposes of maintenance gross income includes income from any source including bonuses); § 14-
10-115(5)(a)(I)(E), C.R.S. 2023 (for purposes of child support gross income includes income from any source including bonuses). 
 10 ¶ 20 Second, with respect to the division of medical and educational expenses, we can’t conclude that the court abused its discretion when it required husband to be responsible for seventy-
five percent of the child’s medical care and schooling expenses and wife to cover twenty-five percent, given the court’s finding that husband’s income was four times as much as wife’s. And, other than one sentence, husband does not further develop his argument about the allocation of childcare expenses. See In re Parental Responsibilities Concerning S.Z.S., 2022 COA 105, ¶ 29 (we will not address an argument that lacks legal and factual development). ¶ 21 And finally, because the court didn’t make sufficient findings to permit appellate review regarding its determination of maintenance, we must reverse this portion of the permanent orders and remand the case so that the district court can make findings sufficient for appellate review. See Wright, ¶ 19; see also §§ 14-10-
113(3)-(4). And because the findings must be based upon the parties’ needs and circumstances at the time of the remand hearing, on remand the court must take additional evidence on this issue. See In re Marriage of Simon, 856 P.2d 47, 51 (Colo. App. 
 11 1993) (awards of maintenance must be based upon the parties’ needs and circumstances at the time of the hearing). IV. Disposition ¶ 22 We affirm the judgment in part, reverse the judgment in part, and remand the case with directions. JUDGE YUN and JUDGE MOULTRIE concur.