**Sue Osborne INMAN (now Smith), Movant,**

v.

**John Bruce INMAN, D.M.D., Respondent.**

Supreme Court of Kentucky.

Nov. 23, 1982.

Rehearing Denied May 11, 1983.*

---

* All concur except WINTERSHEIMER, J., who    did not sit.

Patricia A. Lewis, Elizabethtown, for movant.

Dennis M. Clare, Larry C. Ethridge, Louisville, for respondent.

STERNBERG, Justice.

Movant Sue Osborne Inman and respondent John Bruce Inman were married on June 24, 1961, and their marriage was dissolved on May 24, 1978. Sue worked, while John went to school and earned his degree in dentistry. The decree of May 24, 1978, among other things not necessary for discussion, found as a matter of law that the license to practice dentistry was marital property. On John's appeal the Court of Appeals concurred in the findings of the trial court. In doing so, it stated:

> "In summation, we affirm in principle the Meade Circuit Court's allowance of a professional degree (or the increased earning capacity that it represents) as marital property. However, we find that the court has not made sufficient findings of fact to support the particular division it has made. We thus direct the trial court to find; a) the approximate dollar value of Sue Inman's contribution to Dr. Inman's acquisition of a license to practice dentistry, b) the approximate dollar value of Dr. Inman's increased earning capacity, c) the approximate dollar value, if any, of Mrs. Inman's contribution to the worth of Dr. Inman's practice." [1]

On remand the trial court made findings as directed by the Court of Appeals. John again appealed the action to the Court of Appeals where that court's finding made in the former appeal, that the license to practice dentistry was marital property, was reversed. This court granted review on June 8, 1982.

1. *Inman v. Inman*, Ky.App., 578 S.W.2d 266    (1979).

Presently Sue argues that the decision of the Court of Appeals on the first appeal to that court is the law of the case and that, where on the present appeal to the Court of Appeals it attempted to reverse its former decision, finding the license to practice dentistry to be marital property, it erred and abused its discretion.

We must bear in mind that there was no review sought of the first decision of the Court of Appeals and that the parties are the same on both appeals to the Court of Appeals. No attack was made to, nor challenge of, the finding of the Court of Appeals that the license to practice dentistry was marital property.

■ The law-of-the-case doctrine is a rule under which an appellate court, on a subsequent appeal, is bound by a prior decision on a former appeal in the same court and applies to the determination of questions of law and not questions of fact. "As the term 'law of the case' is most commonly used, and as used in the present discussion unless otherwise indicated, it designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case. Thus, if, on a retrial after remand, there was no change in the issues or evidence, on a new appeal the questions are limited to whether the trial court properly construed and applied the mandate. The term 'law of the case' is also sometimes used more broadly to indicate the principle that a decision of the appellate court, unless properly set aside, is controlling at all subsequent stages of the litigation, which includes the rule that on remand the trial court must strictly follow the mandate of the appellate court." 5 Am.Jur.2d, Appeal and Error, Sec. 744.

On remand the trial court considered John's financial structure, not the question of law that his license to practice dentistry was marital property. That question had already been determined by the lower court and affirmed by the Court of Appeals, and

review by this court was not sought. In *Siler v. Williford,* Ky., 375 S.W.2d 262 (1964), this court had before it the law-of-the-case doctrine and the propriety of applying it to the issues made therein. In disposing of the issue, we said:

"... When an appellate court decides a question concerning evidence or instructions, the question of law settled by the opinion is final upon a retrial in which the evidence is substantially the same and precludes the reconsideration of the claimed error on a second appeal ...."

In *Hutchings v. Louisville Trust Company,* Ky., 276 S.W.2d 461 (1955), in discussing the law-of-the-case doctrine, we wrote:

"If we were to ignore this rule, the defense is still not available to defendant for the reason that if such a defense could be raised on a demurrer to the petition it must be deemed to have been passed upon in our first opinion in this case. *Hutchings v. Louisville Trust Co.,* 303 Ky. 147, 197 S.W.2d 83. The 'law of the case' rule is that parties on a second appeal may not relitigate matters affecting the subject of the litigation which could have been introduced in support of the contention of the parties on the first appeal...."

■ Not only could John and Sue litigate the subject issue on the first appeal, they did in fact litigate the issue of law on the first appeal that is attempted to be relitigated on this second appeal to the Court of Appeals. The law-of-the-case rule controls this case. Further litigation would be interminable, and a decision of the appellate court, which is supposed to put the issue to rest between the same parties, would only be a starting point for new litigation. The question of law that the license to practice dentistry constituted marital property had been settled by the Court of Appeals. It precludes the reconsideration of that issue on the second appeal to that court.

The issue of whether an educational degree received by one spouse while the other spouse contributes financially to the cost of attaining the degree is marital property upon dissolution of marriage is one of first

impression with this court. It has been spoken to, however, by many of the states. The determination of this issue is of such magnitude that we feel inclined to discuss the issue for what may be future guidance of both the trial courts and the appellate courts of Kentucky.

In support of Sue's contention that the license to practice dentistry constitutes marital property, much credence is placed on the case of *In re Sullivan,* Cal.Ct.App., 4th Dist., 188 Cal.App.3d 976, 188 Cal.Rptr. 353 (1982). We feel that a comparison of the facts and law in the Sullivan case with the subject action is helpful. First of all, *In re Sullivan* presents a situation where: (1) the parties were married for a period of ten years; (2) the husband studied to qualify as a urologist; (3) the husband was a regularly licensed and practicing medical doctor prior to marriage; subsequent thereto and during the marriage he qualified as a specialist in urology; (4) California is a community property state; (5) there was no agreement for reimbursement between husband and wife for money expended by the wife in assisting her husband to obtain his professional status; (6) there was an ascertainable increase in the value of his professional license to practice medicine; and (7) the wife expended a substantial amount which she received from her employment to educate her husband so as to qualify him as a specialist in the field of urology.

In the instant case the facts reveal: (1) Sue and John were married for 16 years; (2) John, during marriage, studied to qualify himself as a dentist; (3) John had not undertaken these studies prior to his marriage to Sue; (4) Kentucky is not a community property state; (5) there was no agreement for reimbursement between husband and wife for money expended by the wife in assisting her husband to obtain his professional status; (6) there was an ascertainable increase in the value of his professional license to practice dentistry; and (7) the wife expended a substantial amount which she received from her employment to educate her husband so as to qualify him as a dentist. *In re Sullivan* differs from the instant case principally in that John commenced and concluded his studies and qualifications for the practice of dentistry during his marriage to Sue, while in the Sullivan case the husband was a medical doctor prior to marriage and completed only his specialization during marriage. Kentucky is not a community property state, while California is and has authority to divide only community property. The distinction between *In re Sullivan* and the subject action is thus made manifest. Rather than supporting Sue's position, *In re Sullivan* detracts from it.

The case of *In re Marriage of Graham,* 194 Colo. 429, 574 P.2d 75 (1978), stands for the proposition that an educational degree is not property capable of division in a marriage dissolution proceeding. It does not have any exchange value or any objective transferable value on an open market.

In *Hubbard v. Hubbard,* Okl., 603 P.2d 747 (1979), the Supreme Court of Oklahoma, in dealing with the property question, held:

"... Ms. Hubbard has a right to be compensated for the amount of her investment in Dr. Hubbard's education and training to prevent his unjust enrichment.

. . ..

We agree in principle with the trial court that Ms. Hubbard is entitled to a cash award in lieu of property settlement, but we limit the factors determining that award to fair compensation for her past investment, rather than a 'vested interest' in his future earnings."

In *DeLa Rosa v. DeLa Rosa,* Minn., 309 N.W.2d 755 (1981), the Supreme Court of Minnesota was presented with the situation where one spouse has foregone the immediate enjoyment of earned income to enable the other to pursue an advanced education on a full-time basis. The wife urged the court to hold that the husband's education or increased earning capacity was marital property. The court refused to hold that the husband's education or increased earning capacity was marital property, but it did provide that an award should have been

made to the wife for monies expended by her for living expenses and contributions made toward the husband's direct educational costs.

In *In re Marriage of Lundberg,* 107 Wis.2d 1, 318 N.W.2d 918 (1982), the Supreme Court of Wisconsin was faced with the question of whether a person who supports her spouse while the spouse is in medical school should be compensated for her support of him during that time. Therein the court stated:

"In a sense, his medical degree is the most significant asset of the marriage. It is only fair that Judy be compensated for her costs and foregone opportunities resulting from her support of David while he was in school."

In *Mahoney v. Mahoney,* A.D., 182 N.J. Super. 598, 442 A.2d 1062 (1982), the Superior Court of New Jersey was faced with a situation where at the time of marriage the husband had a degree in aeronautical engineering and the wife had a bachelor of science degree, and both were employed. Subsequent to their marriage, the husband quit his job and returned to college where he obtained a master's degree in business administration. During the time the husband was obtaining this advanced degree in higher education, the parties were supported by the wife's earnings, plus some savings the parties had accummulated. Several years after obtaining his M.B.A. degree, the husband filed suit for a divorce and the wife counterclaimed. The only financial issue undisposed of by agreement of the parties was the wife's entitlement to compensation for having supported the husband in order to enable him to earn his M.B.A. degree and thereby enhance his income potential. In considering the question of whether a license or degree, or its enhanced income potential, constitutes distributable property, the Superior Court held that it was aware of the generally expansive construction of the term "property." However, in discussing the concept of property, the court said:

"... It does not have an exchange value or any objective transferable value on an open market. It is personal to the holder. It terminates on death of the holder and is not inheritable. It cannot be assigned, sold, transferred, conveyed, or pledged. An advanced degree is a cumulative product of many years of previous education, combined with diligence and hard work. It may not be acquired by the mere expenditure of money. It is simply an intellectual achievement that may potentially assist in the future acquisition of property...."

In *Wisner v. Wisner,* 129 Ariz. 333, 631 P.2d 115 (1981), the Court of Appeals of Arizona was faced with a situation where at the time of marriage the wife was a nurse and the husband was completing his final year in medical school. After completing his medical school, he underwent eight years of training in surgery and plastic surgery. During the marriage the wife was not formally employed. Subsequent to finishing his extra-scholastic activities, the husband filed suit for divorce. The wife contended that her husband's medical license and board certificate were property within the meaning of marital property. The court held that education is an intangible property right, the value of which, because of its character, cannot properly be characterized as property subject to being divided between the spouses. The court concluded that the marital property concept simply does not fit.

In the matter of *In re Marriage of Horstmann,* Iowa, 263 N.W.2d 885 (1978), the Supreme Court of Iowa considered the earning of a law degree by the husband with financial assistance of his wife, and analogized the situation to that of two people building a business. The court held that a law degree and certificate of admission to practice law do not themselves constitute an asset of the marriage which can be divided in some way between the two parties. The potential for increase in future earning capacity made possible by the law degree and certificate of admission conferred upon the husband with the financial aid of his wife does, however, constitute an asset for distribution by the court.

In the case of *Stern v. Stern,* 66 N.J. 340, 331 A.2d 257 (1975), the Supreme Court of New Jersey held that a lawyer's earning capacity, even where its development has been aided by his wife's efforts, should not be recognized as a separate, particular item of property for distribution. The potential earning capacity is, however, a factor to be considered in determining what distribution will be equitable.

■ This court cannot accept the proposition that an educational degree received by one spouse while the other spouse contributes financially to the cost of obtaining the degree is, upon a dissolution of their marriage, marital property. We do, however, recognize the issue of how to fairly compensate a person who has supported his or her spouse while the other spouse was in school, when the marriage is dissolved before the family is able to realize the benefits from the spouse's advanced education. Of course, we recognize that KRS 403.190(1) mandates a division of marital property as defined in KRS 403.190(2).

If the issue were before this court, we would be constrained to the view that the proper formula to be followed in placing a value on an educational degree secured by a spouse, to which the other spouse contributed financially, is to measure the recovery by the amount of money the non-college going spouse contributed toward living expenses, the amount of money contributed for educational costs, and the potential for increase in future earning capacity made possible by the degree, thus not treating the degree as marital property.

The decision of the Court of Appeals is reversed, and the judgment of the Meade Circuit Court is affirmed.

All concur except AKER and STEPHENSON, JJ., who dissent.

STEPHENSON, J., files herewith a dissenting opinion, in which AKER, J., joins.

STEPHENSON, Justice, dissenting.

I do not agree that the law of the case rule applies to the Court of Appeals. Although there are many cases which have applied the rule, there are exceptions. In *Union Light, Heat & Power Co. v. Blackwell's Adm'r,* Ky., 291 S.W.2d 539, 542 (1956), the opinion in speaking of the rule stated:

"Notwithstanding the firmness of this rule in general, a number of courts have maintained and held that the rule is not inflexible but is subject to exception, although the exception must be rare and the former decision must appear to be clearly and palpably erroneous. In such a case it is deemed to be the duty of the court to admit its error rather than to sanction an unjust result and 'deny to litigants or ourselves the right and duty of correcting an error merely because of what we may be later convinced was merely ipse dixit in a prior ruling in the same case.'"

*Union Light* was cited with approval in declining to follow the law of the case rule in *Folger v. Commonwealth,* Ky., 350 S.W.2d 703 (1961), and *Frenel v. Commonwealth, Department of Highways,* Ky., 361 S.W.2d 280 (1962).

These cases recognize there should be some flexibility in applying the rule in order for an appellate court to correct a palpable error in the first opinion.

Over and above this comment as to the desirability of permitting the Court of Appeals to correct its first opinion, I am of the opinion that failure to file a motion for discretionary review should not preclude this court from a later review of the case such as here.

For instance had a motion for discretionary review been filed here and denied by this court, it would not alter the situation. Rule 76.20(9)(a) provides, "... The denial of a motion for discretionary review does not indicate approval of the opinion or order sought to be reviewed and shall not be cited as connoting such approval."

We could apply the law of the case rule to the Court of Appeals; and even this should not preclude us from reviewing the legal proposition by granting a motion for discretionary review, for the reason wheth-

er a motion for discretionary review had been filed and denied or not filed, we have not decided the case. For our purpose there has been no law of the case.

We have a vehicle to correct a palpable error. We should use it. The majority opinion by *dictum* raises a flag showing the court unanimously rejects the concept that a professional degree is marital property.

I would prefer to permit the Court of Appeals more flexibility in applying the law of the case rule and to say that in any event the law of the case as applied to the Court of Appeals does not preclude this court from granting a motion for discretionary review to resolve the question.

Accordingly I dissent.

AKER, J., joins this dissent.