RENDERED: FEBRUARY 19, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0626-MR

DERWIN NICKELBERRY                                               APPELLANT


                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                 HONORABLE AUDRA J. ECKERLE, JUDGE
                      ACTION NO. 05-CR-003685


COMMONWEALTH OF KENTUCKY                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, KRAMER, AND MAZE, JUDGES.

CALDWELL, JUDGE: Derwin Nickelberry (Nickelberry) appeals from the findings of fact and conclusions of law rendered by the Jefferson Circuit Court after remand following his appeal of the trial court's denial of his motion for relief pursuant to RCr[1] 11.42. We affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTS AND PROCEDURAL HISTORY

Derwin Nickelberry was convicted in the Jefferson Circuit Court of fifteen (15) counts of first-degree robbery and three (3) counts of theft by unlawful taking over $300[2] in 2006 and was sentenced to seventy (70) years' imprisonment. His convictions and sentence were affirmed on direct appeal to the Kentucky Supreme Court in 2008.[3]

A year later, Nickelberry collaterally attacked his convictions with a motion pursuant to RCr 11.42, forwarding multiple claims, which were later distilled after counsel was appointed and to which counsel added a claim pursuant to *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963). The Jefferson Circuit Court denied the motion without holding an evidentiary hearing, and Nickelberry appealed with the assistance of counsel.

The Court of Appeals reversed, agreeing with Nickelberry that the trial court should have held an evidentiary hearing as not all of his claims could be

---

[2] At the time the crimes were committed, the felony threshold monetary amount for the offense of Kentucky Revised Statutes (KRS) 514.030, theft by unlawful taking, was only $300. The General Assembly raised the threshold amount to $500 in 2009.

[3] *Nickelberry v. Commonwealth*, No. 2006-SC-000865-MR, 2008 WL 3890386 (Ky. Aug. 21, 2008).

refuted by review of the record.[4]  A hearing was held pursuant to the remand, and the trial court again determined no relief was due Nickelberry.

Nickelberry once again appealed to this Court.  A panel of this Court, while specifically stating it was not engaging in a merits analysis of the claims raised, remanded the matter yet again to the circuit court for an analysis of Nickelberry's allegation of a *Brady* violation committed when the prosecution failed to provide notice of statements of co-defendants in discovery in written findings of fact and conclusions of law.[5]  In that opinion, Nickelberry's allegations concerning ineffective assistance of counsel were addressed, the Court determined that counsel was not ineffective, and such determination is now the law of the case.[6]

---

[4] *Nickelberry v. Commonwealth*, No. 2012-CA-000082-MR, 2013 WL 1919545 (Ky. App. May 10, 2013).

[5] *Nickelberry v. Commonwealth*, No. 2014-CA-001631-MR, 2018 WL 794776 at *2 (Ky. App. Feb. 9, 2018).

[6] "As the term 'law of the case' is most commonly used, and as used in the present discussion unless otherwise indicated, it designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982) (citing 5 Am. Jur. 2d, *Appeal and Error*, § 744).

The Jefferson Circuit Court has entered written findings pursuant to the prior opinion concerning the allegation of a *Brady* violation, and Nickelberry is now appealing those written findings.[7]  We affirm the trial court.

## STANDARD OF REVIEW

The standard of review concerning a trial court's findings of fact after an evidentiary hearing in reviewing an RCr 11.42 motion is whether the findings are "clearly erroneous."  "As a reviewing court, on this RCr 11.42 appeal, we must defer to the findings of fact and determinations of witness credibility made by the trial judge."  *Commonwealth v. Bussell*, 226 S.W.3d 96, 99 (Ky. 2007), *as modified* (Aug. 30, 2007) (citing *Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)).

There has been a failure of consistency in which standard of review is to be applied when reviewing the trial court's conclusions of law when reviewing a post-conviction claim alleging a violation of *Brady*, or that the prosecution failed to turn over to the defense evidence which is material to guilt or innocence. Conclusions of law of the trial court in determining allegations in a RCr 11.42

---

[7] We note that Nickelberry as Appellant failed in his duty to provide a copy of the order from which he is appealing.  Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(vii) clearly requires that the first item following the index of the appendix shall be the judgment, opinion or order under review.  We caution him to accord his future filings to the Civil Rules or risk his filings being struck or his actions dismissed.

motion are reviewed *de novo.* At times this Court and the Kentucky Supreme

Court have applied an abuse of discretion standard to the review, as in *Bowling v.*

*Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998), and even in the prior

*Nickelberry v. Commonwealth*, No. 2012-CA-000082-MR, 2013 WL 1919545

(Ky. App. May 10, 2013). However, we find that the Kentucky Supreme Court has

most recently and consistently moved towards conducting a *de novo* review, and

thus we so adopt such standard of review in this matter. "This Court reviews *de*

*novo* whether the particular material at issue falls under *Brady.* A 'reasonable

probability' may be defined as 'a probability sufficient to undermine confidence in

the outcome.'" *Bussell*, 226 S.W.3d at 100 (footnotes omitted). "[T]his Court

reviews *de novo* whether the conduct of the Commonwealth pertaining to the

evidence at issue constitutes a *Brady* violation." *Commonwealth v. Parrish*, 471

S.W.3d 694, 697 (Ky. 2015). Thus, we will conduct a *de novo* review of whether a

violation occurred in this case.

## ANALYSIS

The crux of Nickelberry's extant complaint is that a *Brady* violation

occurred when the Commonwealth failed to turn over statements given by two of

his co-defendants during investigations of similar crimes committed in other

counties. Nickelberry forwards that these statements were exculpatory in nature

-5-

and that his defense was therefore prejudiced by the Commonwealth's failure to turn the statements over in discovery.

A violation of due process occurs when evidence which is exculpatory to the accused, as it is material to either the question of guilt or punishment, is withheld by the prosecution, whether such be conducted in bad faith or not. *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196-97. In the earlier remand, the trial court was ordered to specifically engage in a review of the three components of a *Brady* claim as set out by the United States Supreme Court in *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948, 144 L. Ed. 2d 286 (1999).

> There are three components of a true *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

*Id.* at 281-82, 119 S. Ct. at 1948.

We will review the order of the trial court for compliance with this directive.

*a. The evidence must be favorable to the accused.*

According to the findings of fact and conclusions of law, the trial court found the statements the co-defendants made during investigations into robberies in other counties were not "material." The test of materiality is whether there is a reasonable probability that the outcome of the proceeding would have

been different had the evidence been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985). If the statements of the co-defendants constituted the only evidence against Nickelberry, then their materiality may have been of consequence. However, we conclude their statements were simply cumulative of other evidence, despite Nickelberry's arguments to the contrary. Thus, we hold the statements were properly considered by the trial court as not sufficiently favorable to the accused so as to require reversal. There was no "reasonable probability that his conviction or sentence would have been different" had the evidence been presented to the jury. *Stickler*, 527 U.S. at 296, 119 S. Ct. at 1955. We come to the same conclusion as the trial court.

  *b. The evidence must have been suppressed by the Commonwealth.*

  Even if one could disagree with the prior finding as to materiality, there can be no legitimate disagreement with the trial court's finding that the Commonwealth did not suppress the statements. At the evidentiary hearing, Nickelberry's trial counsel testified that she investigated the statements, that she obtained an investigative letter from the investigating agency involved in the crimes in the other jurisdictions, and that she also affirmatively obtained a transcript of the testimony of one of the co-defendants, all prior to Nickelberry's trial. In order for evidence to be suppressed under *Brady*, it must be unknown to

the defense. *Bussell*, 226 S.W.3d at 100 (citing *United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397, 49 L. Ed. 2d 342 (1976)). We hold that the evidence clearly establishes that the prosecution did not fail to turn over the statements.

   *c. Prejudice*

   Since we have determined there was no suppression and the statements were not material, there can be no associated prejudice.

## CONCLUSION

   Having reviewed the pleadings of the parties, the multiple orders of the trial court and the record before us, and for all the above-stated reasons, we affirm the Jefferson Circuit Court.

   ALL CONCUR.


BRIEFS FOR APPELLANT:

Derwin Nickelberry, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky