RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0991-MR

GARY HIBBELN          APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 13-CI-04376

KEN JORDAN; AND
KEN JORDAN CONTRACTING, LLC        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Gary Hibbeln (Hibbeln) appeals from a judgment of the

Jefferson Circuit Court dismissing his claims against Ken Jordan and Ken Jordan

Contractors, LLC (collectively, "Jordan"). This is the third appeal of this case,

following two prior remands by this Court. We conclude that the "law of the case"

doctrine precludes Hibbeln from raising issues which were not presented in the

first appeal. We further conclude that the trial court properly applied the mandate of this Court on remand and did not err by denying Hibbeln's motion to re-open the proof for new evidence. Hence, we affirm.

The relevant facts of this matter were set forth in a prior appeal as follows:

> The property at issue is a historic residence located at 1308 Highland Avenue, Louisville, Kentucky. Prior to Ken Jordan's involvement, the residence was ordered to be demolished; however, the property was spared. Hibbeln and his partner on the Highland Avenue project, Stayce McCracken, met Jordan who was performing insurance claim work at the property to repair a collapsed chimney. Based on Jordan's work, Hibbeln and McCracken hired Jordan as the general contractor for additional renovations on the residence.
>
> In June 2010, Jordan submitted a proposal to Hibbeln listing several repairs to be made. The cost of the individual repairs was not listed, but the total amount for all repairs was estimated to be $87,290.00. The proposal further provided that payments for the work were to be made on a weekly schedule, in accordance with the proposal. Hibbeln signed the proposal, and payments were made, more or less, according to schedule. Hibbeln paid Ken Jordan Contractors a total of $85,764.00 under the June 2010 proposal.
>
> A second proposal was submitted by Jordan to Hibbeln in October 2010. The proposal listed ten repairs to be completed and a total estimated cost of $5,100.00. Hibbeln paid $4,590.00 under the second proposal. In all, Hibbeln paid $90,354.00 to Ken Jordan Contractors for reconstruction services.

On August 10, 2013, Hibbeln filed a complaint against Jordan claiming breach of contract, conversion, and bad faith. He sought compensatory and consequential damages, attorney fees, and punitive damages.

The matter was set for trial on February 18, 2016. . . .

. . .

At trial, several witnesses testified, including Gary Hibbeln, Stayce McCracken, home renovation expert John Klienholter, architect Mark Bailey, all in addition to Ken Jordan.

The renovation work was initially performed without incident. However, according to Hibbeln and McCracken, progress slowed considerably, and Jordan was no longer coming to the job site to supervise his workers. Mark Bailey was hired as the architect on the project, but he was terminated when Hibbeln and McCracken decided his services were no longer needed. As Jordan's work continued, Hibbeln and McCracken became less satisfied. Nevertheless, payments to Jordan continued based upon the payment schedule called for in the first proposal, without presenting any quality or progress complaints to Jordan. Hibbeln and McCracken further contended they gave Jordan additional projects in the fall of 2010 with hopes to motivate his performance on the residence.

After some attempt to work through the issues with Jordan, Hibbeln and McCracken decided to terminate his services in early 2011. Another contractor was hired to take over the project to fix and complete Jordan's work. Hibbeln testified that he paid $87,239.51 to this other contractor to fix Jordan's work on the residence.

John Klienholter testified as Hibbeln's expert witness. He had twenty-five years' experience as a contractor. He went to the residence and performed an inspection. He examined photographs provided by Hibbeln of Jordan's work. Klienholter provided estimates for the costs of various line items contained in Jordan's first proposal for a home similar to the subject of this litigation.

At the conclusion of Hibbeln's case, Jordan moved to dismiss his claim for conversion, punitive damages, and attorney fees. The court granted Jordan's motion. Jordan followed with his proof, the trial concluded, and the case was submitted.

The Jefferson Circuit Court found the following:

The Court finds the parties had an agreement and that a written contract signed by both parties is unnecessary under the circumstances. The Court determines that the Defendant was paid in accordance with the schedule of payments, regardless of whether the work was actually performed. There is a conflict in testimony, but the Court further determines that the Defendant did not complete the work as contemplated by the parties' agreement. The testimony established that the following work was completed: Pull building back and straighten building, remove existing footer, pour new footer/foundation wall, removal of existing footer along left side and a portion of the sheathing installation. The Court finds that the remaining work was not completed or was completed in an unsatisfactory manner. Neither party was able to testify as to the specific amount charged for each task listed on Plaintiff's exhibits one and two, but Plaintiff's expert, John Klienholter, testified as to the costs for each item listed on Plaintiff's exhibit one (1). He acknowledged those figures were "ballpark"

-4-

> estimates. In all, Plaintiff claims he paid
> Defendant about $66,000 for work that was not
> completed or completed in an unsatisfactory
> manner. Based on the testimony, the Court
> determines approximately 50% of the total
> contemplated repairs were either not completed or
> not completed in a satisfactory manner.
> Accordingly, judgment shall be entered for the
> Plaintiff in the amount of $45,000 plus court costs.
> Post-judgment interest shall accrue at 12% per
> annum.

*Jordan v. Hibbeln* [*Jordan I*], No. 2016-CA-000406-MR, 2018 WL 3090442, at

*1–2 (Ky. App. Jun. 22, 2018).

In the first appeal, this Court reversed the judgment for Hibbeln,

concluding that "Hibbeln failed to provide the court with sufficient evidence to

determine calculable, non-speculative damages. The lack of evidence renders the

circuit court's award of $45,000 in damages erroneous." *Id.* at *5. Consequently,

this Court vacated the judgment and remanded, giving the circuit court explicit

direction to enter a new judgment explaining the non-speculative method used for

calculating damages and the evidence supporting the award. Specifically, the

panel directed the circuit court to determine either: "(1) that Hibbeln failed to

carry his burden of presenting non-speculative proof of his damages, or (2) that

Hibbeln did carry his burden of presenting non-speculative damages, but that the

judgment failed to articulate that proof in a way that would facilitate rather than

frustrate appellate review." *Id.* at *6.

On remand, the trial court entered a new judgment for Hibbeln for $45,000. In a subsequent appeal, this Court again reversed, finding that the trial court failed to comply with the Court's mandate from the prior appeal. *Ken Jordan & Ken Jordan Contractors, LLC v. Hibbeln* [*Jordan II*], No. 2019-CA-000310-MR, 2019 WL 6248320, at *3 (Ky. App. Nov. 22, 2019). Consequently, the Court again remanded the matter for the findings required by *Jordan I. Id.*

On the second remand, the trial court entered new findings and a judgment. In pertinent part, the trial court found as follows:

> The Court previously determined the Defendant [Jordan] did not complete certain tasks as assigned, but the conclusion that those tasks amounted to $45,000 is speculative. The Plaintiff [Hibbeln] is charged with the burden of proving his damages. In this instance, the Plaintiff failed to produce evidence of the specific value of the various tasks that were not completed or not completed to his satisfaction. Plaintiff's motion to supplement the proof in this case is considered and denied. The Court determines that the Court of Appeals order remanding this matter does not contemplate the taking and consideration of further proof, but rather instructs this Court [to] review the record and submit specific findings on Plaintiff's claims or find the Plaintiff did not carry his burden. The Court finds the latter.

Based upon this conclusion, the trial court granted a judgment for Jordan and dismissed Hibbeln's complaint. Hibbeln now appeals from this judgment.

Hibbeln first argues that the trial court abused its discretion by limiting his counsel's cross-examination of Ken Jordan during trial. In response, Jordan notes that Hibbeln's brief fails to provide any supporting references to where this issue was preserved, as required by CR[1] 76.12(4)(c)(v). Jordan further argues that the law of the case doctrine precludes Hibbeln from raising the issue in this appeal. We find the latter argument to be dispositive.

As discussed in *Jordan II*, the law of the case doctrine designates that, if an appellate court has passed on a legal question and remanded the case to the court below for further proceedings, the legal determinations may not be revisited on a subsequent appeal in the same case. *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982). An extension of this doctrine also precludes a subsequent appellate court from reviewing decisions of the trial court which could have been but were not challenged in the prior appeal. *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010). This rule is not based on the barred issue establishing the law of the case, "but instead on the party's inaction in failing to raise the issue in a manner consistent with the court's general policy against piecemeal appeals. *Id.* at 610-11.

In the current case, Hibbeln had the opportunity to raise the cross-examination issue by means of a protective cross-appeal. However, he failed to do so. To the contrary, in his brief in *Jordan I*, Hibbeln argued that Jordan was not

---

[1] Kentucky Rules of Civil Procedure.

prejudiced by the trial court's limitations on its cross-examination. And this Court noted that both parties had agreed to the trial court's division of time. If Hibbeln had some objection to that discretionary decision, he was obligated to raise it in the first appeal. Therefore, we agree with Jordan that Hibbeln is now barred from raising the same issue in this appeal.

Hibbeln primarily argues that the trial court abused its discretion by denying his motion to present new evidence of damages on remand. In a subsequent appeal following a retrial after remand, this Court's role is limited to whether the trial court properly construed and applied the mandate. *Inman*, 648 S.W.2d at 849. While the rule does not preclude the taking of new evidence on remand in all cases, the trial court must strictly follow the mandate set out in the prior appellate decision. *Id. See also Buckley v. Wilson*, 177 S.W.3d 778, 781 (Ky. 2005). Thus, we must look to the basis for this Court's order of remand in the first appeal.

In *Jordan I*, this Court found that the trial court's award of damages to Hibbeln was not supported by substantial evidence and was therefore clearly erroneous. The Court noted that Hibbeln initially sought to recover the costs he had to pay to another contractor to complete the work, and he presented evidence at trial supporting that claim. However, he abandoned that claim at trial and only sought a refund of monies paid to Jordan for work he failed to perform or

inadequately performed under the proposals. *Jordan I*, 2018 WL 3090442, at \*5.

The Court also noted that Hibbeln did not provide any evidence of the specific

costs incurred for completing any particular item of work provided in the

proposals. *Id.*

> In addressing the sufficiency of the evidence, this Court concluded,
>
>> The damage award is not supported by substantial evidence and is, therefore, erroneous. Our review of the record indicates that the court's two determinations - the number of repair items completed and, subsequently, the value of incomplete or unsatisfactory work - are inconsistent and neither is supported by evidence in the record. The cost of completing half the number of tasks listed on the proposals may or may not equate to half the amount of money paid, and there was no testimony whether it did or did not. The resulting award is not derived by assigning a value or cost to any specific tasks deemed compensable because they were not completed or were unsatisfactorily completed. Nor are such values readily determinable from evidence presented at trial. There were roughly twenty tasks contained in the first proposal and ten included in the second. Without an itemization of the costs of the tasks listed in the proposals, and even further, a classification of what work was completed in full, completed in part, completed but not satisfactorily, or not completed at all, damages are speculative at best. All damages must be proved to a reasonable degree of certainty. [*Ford Contracting, Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 407 (Ky. App. 2014)]. There remain too many undetermined variables; they are undeterminable on review; and that prevents this Court from affirming a damage award.

*Id.* at \*6.

However, the panel did not simply conclude that the judgment was unsupported by substantial evidence. Instead, the Court remanded, directing the trial court make one of two possible findings based on the proof presented. In particular, the latter finding permitted the trial court to find that "Hibbeln did carry his burden of presenting non-speculative damages, *but that the judgment failed to articulate that proof in a way that would facilitate rather than frustrate appellate review.*" *Id.* (emphasis added). When *Jordan I* is read in its entirety, we conclude that this Court remanded the matter for specific findings on a single issue based solely on the evidence already in the record. Therefore, the trial court properly construed the Court's mandate as not permitting the introduction of new evidence.

Accordingly, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robert A. Florio
Louisville, Kentucky

BRIEF FOR APPELLEES:

J. Fox DeMoisey
Louisville, Kentucky