RENDERED: JUNE 16, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0408-DG

CHARLES ARMSTRONG, ADMINISTRATOR          APPELLANT
OF THE ESTATE OF CRAIG ARMSTRONG


ON REVIEW FROM COURT OF APPEALS
V.                  NO. 2019-CA-1084
WARREN CIRCUIT COURT NO. 14-CI-00954



THE ESTATE OF JONATHAN ELMORE;          APPELLEES
TERREZ DEWALT D/B/A DEWALT AUTO SALES


**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>AFFIRMING</u>**

This is the second time this Court has been tasked with determining the ownership of the 1996 Chevrolet Cavalier involved in an accident in which the passenger and driver both died. This Court previously heard and decided the issue in *Travelers Indem. Co. v. Armstrong,* 565 S.W. 3d 550 (Ky. 2018), where we affirmed the summary judgment of the Warren Circuit Court. Upon remand, the trial court allowed the Estate of Armstrong (Armstrong) to amend his complaint to include Terrez Dewalt d/b/a Dewalt Auto Sales (Dewalt) for a second bite of the apple. The trial court granted summary judgment in favor of Dewalt, which the Court of Appeals affirmed. We now affirm the Court of Appeals.

## I.    FACTS AND PROCEDURAL BACKGROUND

It is not necessary to recount all the details of the previous litigation between Armstrong, the Estate of Elmore (Elmore), Martin Cadillac, Inc. (Martin), and Travelers Indemnity Company (Travelers). A brief synopsis will suffice.

On April 5, 2014, Jonathan Elmore was driving a 1996 Chevrolet Cavalier. Armstrong was his passenger. Elmore drove into the path of an oncoming car and both Elmore and Armstrong perished.  It was never in dispute that Elmore was solely at fault. The sole issue was determining the statutory owner of the vehicle when the accident occurred. Armstrong sued multiple parties including Martin and its insurer Travelers, alleging Martin was the owner of the vehicle and seeking recovery from Travelers.

Martin accepted the 1996 Chevrolet Cavalier in trade on November 30, 2013. Martin transferred the vehicle to ABC Bowling Green, LLC (ABC) to sell at an auction. On December 6, 2013, Dewalt purchased the vehicle and took possession that same day. Elmore purchased the vehicle from Dewalt on January 19, 2014. The next day he provided proof of insurance to Dewalt and took physical possession of the vehicle. Dewalt never held title to the vehicle nor did it notify the county clerk of the acquisition of the vehicle.

Martin was still the title holder at the time of the accident on April 5, 2014. Armstrong contended Martin was still the statutory owner of the vehicle even though Elmore had physical possession of the vehicle pursuant to a bona

2

fide sale.[1] Armstrong's claim was based on Martin's failure to timely comply with the fifteen-day requirement of KRS 186A.220(1)[2] after Martin acquired the vehicle and the failure to check for proof of insurance from Dewalt.

The trial court granted summary judgment as a matter of law holding Elmore was the owner of the vehicle and Martin was not. Armstrong appealed and the Court of Appeals reversed the lower court. Upon review, this Court reversed the Court of Appeals and reinstated the summary judgment of the trial court. *Travelers,* 565 S.W. 3d at 569. *Travelers* changed the law in two significant ways. The first change dealt with KRS 186A.220(5) and the phrase "purchaser for use." *Id.* at 564. We held that a licensed automobile dealer was not a "purchaser for use." *Id.* Therefore, it no longer needed to comply with KRS 186A.220(5)(b)[3] in a dealer-to-dealer transaction. *Id.* Under *Calhoun v. Provence,* 395 S.W.3d 476 (Ky. 2012), this Court's previous interpretation of this statute required licensed dealers obtain proof of insurance from the purchaser in all transactions. The second change this Court made was a

---

[1] KRS 186.010(7)(a) ("'Owner' means a person who holds the legal title of a vehicle or a person who pursuant to a bona fide sale has received physical possession of the vehicle subject to any applicable security interest.")

[2] KRS 186A.220(1) ("Except as otherwise provided in this chapter, when any motor vehicle dealer licensed in this state buys or accepts such a vehicle in trade, which has been previously registered or titled for use in this or another state, and which he holds for resale, he shall not be required to obtain a certificate of title for it, but shall, within fifteen (15) days after acquiring such vehicle, notify the county clerk of the assignment of the motor vehicle to his dealership and pay the required transferor fee.")

[3] KRS 186A.220(5)(b) ("The dealer may, with the consent of the purchaser, deliver the assigned certificate of title, and other appropriate documents of a new or used vehicle, directly to the county clerk, and on behalf of the purchaser, make application for registration and a certificate of title. In so doing, the dealer shall **require from the purchaser proof of insurance** as mandated by KRS 304.39-080 before delivering possession of the vehicle." (Emphasis added)).

finding that strict compliance with KRS 186A.220 was not necessary to qualify for the exception under KRS 186.010(7)(c).[4] *Travelers,* 565 S.W. 3d at 567-68. Instead, we held that substantial compliance was sufficient. *Id.* Martin did comply with KRS 186A.220(1) but not within fifteen days per the plain text of the statute. But because it complied before the occurrence of the accident, we held it substantially complied. *Id.*

Upon remand, Armstrong amended his complaint to assert a claim against Dewalt, who was not a party to the previous litigation. Armstrong's amended complaint and his subsequent motion for partial summary judgment asserted Dewalt was the statutory owner of the 1996 Chevrolet Cavalier at the time of the accident. Dewalt filed a motion to dismiss. The trial court granted Dewalt's motion, and the Court of Appeals affirmed the lower court based on the doctrine of law of the case. This Court granted discretionary review and we now address the merits of the appeal.[5]

## II.    ANALYSIS

Armstrong contends the Court of Appeals erred in applying the law of the case doctrine to this matter. He first argues the law of the case is inappropriate when the parties are different and different legal issues exist. Second, he argues an intervening change in the law has occurred so this Court should not

---

[4] KRS 186.010(7)(c) ("A licensed motor vehicle dealer who transfers physical possession of a motor vehicle to a purchaser pursuant to a bona fide sale, and complies with the requirements of KRS 186A.220, shall not be deemed the owner of that motor vehicle solely due to an assignment to his dealership or a certificate of title in the dealership's name. Rather, under these circumstances, ownership shall transfer upon delivery of the vehicle to the purchaser. . . .")

[5] We are not analyzing Dewalt's performance or lack of performance of its obligations under the statute.

4

apply the law of the case doctrine. And lastly, Armstrong contends that the law of the case does not apply to dicta.

The law of the case doctrine means "issues decided in earlier appeals should not be revisited in subsequent ones." *Brown v. Commonwealth,* 313 S.W.3d 577, 610 (Ky. 2010) (citing 18B Wright, Miller, and Cooper, *Federal Practice and Procedure,* § 4478 (2002); and then citing *Inman v. Inman,* 648 S.W.2d 847 (Ky. 1982)). Appellate courts should follow the prior decision in a previous appeal on questions of law. *Inman,* 648 S.W.2d at 849. When reviewing a lower court's application of the law of the case the standard of review is *de novo. Univ. Med. Ctr., Inc. v. Beglin,* 432 S.W.3d 175, 178 (Ky. App. 2014).

Armstrong argues the issue of who owned the 1996 Chevrolet Cavalier at the time of fatal collision is yet to be decided by this Court. He claims this Court in *Travelers* only decided the issue of who did not own the vehicle, i.e., not Martin. He is wrong. Here we quote from the trial court's summary judgment:

> For the foregoing reasons, this Court HOLDS as a matter of law that Jonathan Elmore, not Martin Cadillac, is the owner of the Chevrolet Cavalier. . . .

This Court determined Elmore was the statutory owner when we reinstated the summary judgment of the Warren Circuit Court. *Travelers,* 565 S.W. 3d at 569.

Armstrong also claims that changes in issues and evidence need to be sorted out by the finder of fact. He contends that whether "Dewalt complied with the statute is a question of fact." Armstrong's present contention that

5

there are material facts in dispute is undermined by the fact he filed a motion for partial summary judgment asserting DeWalt was the owner. As the trial court and the Court of Appeals correctly stated in this case, the determination of the statutory owner of the vehicle is a question of law. The facts and evidence are the same; the issue is the same. The only issue is the determination of the statutory owner of the vehicle and this Court decided that issue in its opinion in *Travelers* and reinstated the trial court's findings and order.

Armstrong also argues it is inappropriate to apply the doctrine of law of the case where there are new parties with different issues. Armstrong cites an unpublished case, *McGuire v. Coal Ventures Holding Co., Inc.,* No. 2007-CA—002554-WC, 2009 WL 117895, at 2 n.4 (Ky. App. Jan. 16, 2009) (*citing Inman v Inman* 648 S.W.2d 847 (Ky. 1982)), to support his argument. Armstrong claims in his brief the "verbatim holding" of *McGuire* limits the application of law of the case to claims "between the same parties surrounding the same issue." That language is only found in a footnote in the unpublished *McGuire* case. It is absent entirely in *Inman v. Inman,* 648 S.W.2d 847 (Ky. 1982). He also argues that this rule is "exactly the same as it relates to the related doctrine of res judicata." He cites *Moore v. Commonwealth,* 954 S.W.2d 317 (Ky. 1997), for this proposition. But again, this is incorrect. The *Moore* case does not stand for such a proposition.[6] Nor does *Moore* mention the law of the case doctrine.

---

[6] In fact, *Moore* cites *Sedley v. City of West Buechel*, 461 S.W.2d 556 (Ky. 1970). That case abandoned the requirement of mutuality of parties in the context of issue preclusion.

Admittedly, Dewalt was not a party to the case in *Travelers,* but Armstrong was, and the subject matter is the same. The issue then, as now, was to determine the ownership of the 1996 Chevrolet Cavalier on April 5, 2014, and that was decided in *Travelers.*

The next argument from Armstrong is his contention it is inappropriate to apply the law of the case when there has been an intervening change in the law. Citing *Estep v. Commonwealth,* 64 S.W.3d 805, 812 (Ky. 2002) and *Sherley v. Commonwealth,* 889 S.W.2d 794, 798 (Ky. 1994), he argues that our decision in *Travelers* was an intervening change in law which should not preclude him now from litigating his claims against Dewalt. However, both our decisions in *Estep* and *Sherley* are cases wherein the law was changed in a separate decision in a different case.

In the present case the law did not change <u>after</u> our decision in *Travelers.* The change in controlling law occurred <u>within</u> our decision in *Travelers.* Armstrong ignores the fact that it was this Court that changed the law in this very case. *Travelers,* 565 S.W.3d at 569. In that decision we reinstated the summary judgment of the trial court and that was the end of the case. It was error for the trial court to allow Armstrong to amend his complaint because there can only be one statutory owner and that was decided.

Armstrong's final argument rests on his contention that this Court's ruling in *Travelers* declaring Elmore the statutory owner of the vehicle is mere dicta and therefore the law of the case should not apply. Dicta is commentary in a court's decision that is unnecessary to the ruling at hand. *Cawood v.*

7

*Hensley*, 247 S.W.2d 27, 29 (Ky. 1952). Unfortunately, for Armstrong, this argument too fails. The <u>only</u> issue before this Court, then as now, is determination of the statutory owner of the 1996 Chevrolet Cavalier at the time of the accident on April 5, 2014. This Court decided Elmore was the statutory owner, and we are unpersuaded that we should hold otherwise now.

### III.   Conclusion

This Court in *Travelers* affirmed the determination that Elmore was the statutory owner of the vehicle. The Court of Appeals did not err when it affirmed the ruling of the Warren Circuit Court dismissing the amended complaint against Dewalt. Armstrong cites no compelling authority for his position that this Court should not apply the doctrine of law of the case. The Court of Appeals is affirmed.

Minton, C.J., Keller, VanMeter, Lambert, Nickell, JJ., sitting. All concur. Hughes, J., not sitting.

COUNSEL FOR APPELLANT:

Mathew J. Baker

COUNSEL FOR APPELLEE,
TERREZ DEWALT D/B/A DEWALT AUTO SALES:

Craig M. Schneider
Judd R. Uhl
Lewis Brisbois Bisgaard & Smith, LLP.

COUNSEL FOR APPELLEE,
THE ESTATE OF JONATHAN ELMORE:

Tad Travis Pardue
Bell, Orr, Ayers & Moore, P.S.C.

C. Michael Reynolds
Reynolds, Johnston, Hinton, LLP